IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **FABIAN BAKARI and LARONDA BAKARI,** | : : : | |
| Plaintiffs, | : : | |
| | : | 5:04CV46 (DF) |
| vs. | : : | |
| **THE CITY OF BYRON, GEORGIA, and PATRICK SONDRON,** Individually and as a Police Officer, and **CORPORAL TED L. SULLIVAN,** Individually and as a Police Officer, | : : : : : : : : | |
| Defendants. | : | |

**O R D E R**

Plaintiff Fabian Bakari filed this § 1983 action alleging violations of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. He also brings state-law claims for malicious prosecution and intentional infliction of emotional distress. Plaintiff Laronda Bakari separately alleges state-law claims for loss of consortium and intentional infliction of emotional distress.

Currently pending before the Court is Defendants' motion for summary judgment (tab 22). Plaintiffs have not responded to the motion. After considering Defendants' brief and the relevant evidence, the Court finds that Defendants are entitled to judgment as a matter of law on all of Plaintiffs' claims. Accordingly, Defendants' motion for

summary judgment is granted.[1]

## I. BACKGROUND

While on routine patrol at approximately 2:30 a.m. on November 16, 2002, Defendant Patrick Sondron, a police officer employed by the City of Byron, Georgia, saw a sports car stopped at a green traffic light. The car turned at the light, crossed over the center line, and pulled into a gas station without signaling. Sondron turned on his flashing lights and stopped the car in the gas-station parking lot. Sondron approached the car and spoke to the driver, Leroy Jones. As he did so, Sondron smelled alcohol coming from the car and noticed that Jones's eyes were glassy and bloodshot.

Sondron asked for Jones's driver's license and told him to step out of the car. Sondron asked whether Jones had been drinking, and Jones responded that he'd had some "Jack." Based on Sondron's observations, he decided to put Jones through a series of field sobriety tests.

While these tests were being conducted, Jones's passengers—Sam King and Plaintiff Fabian Bakari—got out of the car and began cursing and being generally disruptive. Sondron asked King and Bakari to leave the scene, but they refused. After determining that Jones was intoxicated beyond the legal limit, Sondron asked Bakari and

---

[1] The Court recognizes that it is not proper to grant a motion for summary judgment solely because the non-moving party has not opposed it. *See* **United States v. One Piece of Real Property**, 363 F.3d 1099, 1101 (11th Cir. 2004). Therefore, the conclusion that summary judgment is appropriate in this case follows from a thorough and independent review of the record evidence.

King if they had been drinking. Sondron was trying to see if either of them were capable of driving Jones's car. Bakari stated that he had been drinking "a lot," and King said that he'd had a couple of drinks. Sondron concluded that they were not in a condition to drive and told them that Jones's car would therefore be impounded.

Bakari then approached Sondron and asked for his name and badge number. Sondron told him his name. Sondron continued to fill out the paperwork relating to Jones's arrest, but Bakari persisted in his attempt to find out his badge number. Bakari followed Sondron to the side of the patrol car. Sondron said to Bakari, "Go away. Leave me alone now. You understand me?" Bakari refused to leave. Sondron then informed Bakari, "You are free to go. Good-bye."

Instead of leaving the scene, as Sondron requested, Bakari continued to ask for Sondron's name and badge number. Sondron informed him that the information he requested would be contained on Jones's DUI citation. Yet again, Sondron asked Bakari to leave. Bakari refused and continued to argue with Sondron. Bakari then began shouting at Sondron, at which time Sondron began to fear for his safety. Sondron's fear stemmed from Bakari's behavior, his state of intoxication, and the time of day. Bakari continued to interfere with Sondron's arrest of Jones. Sondron therefore arrested Bakari for disorderly conduct and public intoxication. Bakari was placed in handcuffs and taken to jail, where he was released on bond after a brief period of time.

Fabian and Laronda Bakari filed this suit on February 24, 2004.[2] Defendants answered and moved to strike certain immaterial matters from the complaint. The Court granted Defendants' motion and ordered Plaintiffs to file a recast complaint by April 28. Plaintiffs failed to do so. The Court gave Plaintiffs a second chance, ordering them to file a recast complaint by June 24. This time, Plaintiffs filed a recast complaint, but did not fully comply with the Court's earlier order regarding the specific content to be stricken.

Meanwhile, Defendants had served their initial round of discovery on Plaintiffs, but Plaintiffs did not respond to the requests in any manner. Based on this lack of cooperation, Defendants then filed a motion to dismiss or, in the alternative, to compel discovery. Plaintiffs failed to respond to this motion. The Court held a hearing on Defendants' motion on January 24, 2005, and ultimately entered an order requiring Plaintiffs to comply with the propounded discovery within 10 days. The Court also assessed sanctions against Plaintiffs in the amount of $500.00.

Discovery expired on April 25, 2005, without Plaintiffs taking any depositions or serving any written discovery. Defendants timely filed the present summary-judgment motion and Plaintiffs—characteristically, and for the fourth time in this litigation—did not respond.

---

[2] To date, nearly 20 months after the complaint was filed, Defendants have not been served with process in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure. Plaintiffs have not shown good cause for their failure to comply with the 120-day time limit imposed by Rule 4(m). The Court recognizes that this defect, standing alone, would justify dismissal of the entire lawsuit. However, because a Rule 4 dismissal is discretionary, the Court prefers to resolve this suit on the merits of Plaintiffs' claims.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue of material fact necessary to defeat a properly supported motion for summary judgment arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). The Court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party, but may not make credibility determinations or weigh the evidence. *See* **Anderson**, 477 U.S. at 249. Finally, "the evidence presented cannot consist of conclusory allegations or legal conclusions." **Avirgan v. Hull**, 932 F.2d 1572, 1577 (11th Cir. 1991).

## III.    DISCUSSION

### A.     Individual Liability Under Section 1983

In analyzing a constitutional claim brought under § 1983, the Court's first task is to determine whether the plaintiff has established the deprivation of a constitutional right at all. *See* **Am. Mfrs. Mut. Ins. Co. v. Sullivan**, 526 U.S. 40, 49 (1999). If the plaintiff fails to establish such a deprivation, his claim must be dismissed. ***Id.*** (stating that if a plaintiff cannot make this showing, he has failed to state a claim for relief under

§ 1983). Accordingly, the Court will proceed to analyze each of Bakari's constitutional claims individually.

### 1.      Fourth Amendment

Fabian Bakari maintains that Sondron did not have probable cause to arrest him for violating the City's disorderly conduct and public intoxication ordinances and that, as a result, his Fourth Amendment rights were violated.[3] The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. An arrest made without probable cause violates the Fourth Amendment. *See* **Redd v. City of Enterprise**, 140 F.3d 1378, 1382 (11th Cir. 1998). Probable cause to support an arrest is present where a law enforcement officer has knowledge of facts objectively indicating that the suspect "has committed, is committing, or is about to commit an offense." **Von Stein v. Brescher**, 904 F.2d 572, 578 (11th Cir. 1990).

Here, Sondron argues that the facts and circumstances during the early morning hours of November 16, 2002, led him objectively to conclude that Bakari was violating O.C.G.A. § 16-10-24 (prohibiting obstruction of a law enforcement officer) and O.C.G.A. § 16-11-41 (prohibiting public intoxication).[4]

---

[3] This is Bakari's only claim under the Fourth Amendment. He has not alleged a claim for excessive force. Laronda Bakari has not alleged any constitutional claims.

[4] Sondron did not cite these statutes when he arrested Bakari, instead charging him with violating two City ordinances. In his complaint, Bakari alleges that Sondron lacked probable cause for the arrest because, of the two City ordinances he was charged with violating, one did not exist (public intoxication) and the other (disorderly conduct) he did not violate, as evidenced by the fact

In Georgia, "it is unlawful to knowingly and willfully obstruct or hinder any law enforcement officer in the lawful discharge of his official duties." **Draper v. Reynolds**, 369 F.3d 1270, 1276 (11th Cir. 2004) (citing O.G.G.A. § 16-10-24(a)).  Therefore, a law enforcement officer has probable cause to arrest someone for obstruction when that person's actions interfere with the carrying out of legitimate law enforcement activities.  In this case, Bakari refused to leave the scene after Sondron repeatedly requested that he do so.  Bakari asked for Sondron's name and badge number several times, followed Sondron around to the side of his patrol car, began yelling at him, and continually interfered with and harassed Sondron as he was in the process of completing Jones's arrest.  These facts indicate that Sondron had probable cause to arrest Bakari for hindering him in the performance of his official duties.

Furthermore, under Georgia law, "[a] person who shall be and appear in an intoxicated condition in any public place . . ., which condition is made manifest by boisterousness, by indecent condition or act, or by vulgar, profane, loud, or unbecoming language, is guilty of a misdemeanor." O.C.G.A. § 16-11-41.  Bakari admits that he had

---

that the charges against him were ultimately dismissed.  The fact that Bakari was charged with violating the City ordinances rather than the state statutes does not, of course, affect the Court's probable-cause analysis since "[t]he validity of an arrest does not turn on the offense announced by the officer at the time of the arrest." **Lee v. Ferraro**, 284 F.3d 1188, 1195-96 (11th Cir. 2002). Therefore, "[w]hen an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offence, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest." **United States v. Saunders**, 476 F.2d 5, 7 (5th Cir. 1973).

been drinking on the night in question, and the evidence clearly demonstrates that his demeanor toward Sondron was confrontational and boisterous. He yelled at Sondron and insistently demanded to be told Sondron's name and badge number. Under the circumstances, Sondron had sufficient probable cause to arrest Bakari for public intoxication.

Because Sondron had probable cause to believe that Bakari was committing a crime at the time, Bakari's arrest did not violate the Fourth Amendment.

### 2.    First Amendment

Bakari claims that his First Amendment rights were violated when he was arrested merely for asking Sondron his name and badge number. However, because Sondron had probable cause to believe Bakari was committing two separate crimes at the time of his arrest, it does not matter that Bakari happened to be speaking to Sondron when the arrest occurred. In any event, Sondron's motivation is quite beside the point. *See* **Dahl v. Holley**, 312 F.3d 1228, 1236 (11th Cir. 2002) ("Whatever the officers' motivation . . . the existence of probable cause to arrest [the plaintiff] defeats her First Amendment claim."). Bakari's First Amendment claim therefore fails as a matter of law.

### 3.    Fifth Amendment

Bakari claims that Sondron violated his Fifth Amendment rights when he failed to Mirandize him upon arrest. Though not articulated in his complaint, Bakari's claim is premised on a denial of his Fifth Amendment right against self-incrimination. This

8

claim is without merit, however, because the right against self-incrimination is implicated only when a person has been compelled to be a witness against himself at trial. *See* **Chavez v. Martinez**, 538 U.S. 760, 770 (1994). That has not happened here. Therefore, Bakari's Fifth Amendment claim fails as a matter of law.

### 4. Eighth Amendment

Bakari insists that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when Sondron placed him in handcuffs and transported him to jail without obtaining a warrant. He also alleges that he was the victim of excessive bail, a separate Eighth Amendment violation. Neither of these claims has merit.

Until a "formal adjudication of guilt" has been secured "in accordance with due process of law," the Eighth Amendment clause prohibiting cruel and unusual punishment is not implicated. **Ingraham v. Wright**, 430 U.S. 651, 671 n.40 (1977). This conclusion follows from the recognition that "the proscription against cruel and unusual punishment . . . was designed to protect those convicted of crimes." **Id.** at 664. Here, Bakari was placed in handcuffs in a gas-station parking lot, taken to the police station for booking, and released on bond several hours later. He was never adjudicated guilty of any crime. The Eighth Amendment is simply inapplicable on these facts, and Bakari's cruel-and-unusual-punishment claim must fail as a matter of law.

The Eighth Amendment prohibits the imposition of excessive bail. But a federal court will not set aside a bail bond imposed by a state court unless the amount was set

9

arbitrarily or capriciously.  *See* **United States ex rel. Garcia v. O'Grady**, 812 F.2d 347, 354 (7th Cir. 1987).  In this case, Bakari posted bond in the amount of $312.00, which was subsequently returned to him when he showed up for his court date.  There is no basis in the record for concluding that this amount was set arbitrarily or capriciously.  Accordingly, Bakari's excessive-bail claim is without merit and fails as a matter of law.

   5.    **Fourteenth Amendment**

      a.    **Sondron**

Bakari claims that Sondron violated his substantive rights under the Due Process Clause of the Fourteenth Amendment when Sondron placed him in "extremely tight handcuffs."  Pls.' Compl., tab 1, ¶ 44.[5]  In his complaint, Bakari alleges that placing him in extremely tight handcuffs violated the Fourteenth Amendment principles articulated by the Supreme Court in **Bell v. Wolfish**, 441 U.S. 520 (1979).

In **Bell** the Court held that the substantive component of the Due Process Clause prohibits pretrial detainees from being "punished" before an adjudication of guilt has been rendered.  441 U.S. at 535.  "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense, however."  **Id.** at 537.  Punishment in the constitutional sense occurs where a condition or restriction of pretrial detention is "arbitrary or purposeless" and exacted for punitive reasons only.

---

[5] Bakari does not allege that the tight handcuffs constituted excessive force under the Fourth Amendment; the only constitutional amendment under which excessive-force claims asserted in the arrest context may be brought.  *See* **Graham v. Connor**, 490 U.S. 386, 395 (1989).

Conditions or restrictions that are "reasonably related to a governmental objective, [ ] do[ ] not, without more, amount to 'punishment.'" ***Id.*** at 539.

Sondron argues that Bakari's reliance on ***Bell*** is misplaced because the principles set forth in that case apply only to pretrial detainees who are awaiting trial. The Court need not address whether Bakari was a pretrial detainee under ***Bell*** during the time he was being transported to the jail in handcuffs. That question is of little concern because, even assuming Bakari was a pretrial detainee, the Court finds that the use of handcuffs, under the facts of this case, does not amount to punishment under the Due Process Clause. Instead, putting handcuffs on a noncompliant, boisterous arrestee is, without question, a physical restriction reasonably related to a legitimate law enforcement objective. Bakari's Fourteenth Amendment claim against Sondron therefore fails as a matter of law.

### b. Sullivan

Bakari alleges only one claim against Defendant Corporal Ted Sullivan: namely, that Sullivan should be held personally liable for failing to prevent Bakari's illegal arrest from occurring. A claim for damages based on a police officer's failure to intervene will lie only where a constitutional violation occurs in the police officer's presence and he fails or refuses to take any action. *See* ***Byrd v. Clark***, 783 F.2d 1002, 1007 (11th Cir. 1986). Because the Court has concluded that no constitutional violation occurred, Bakari's failure-to-intervene claim is without merit and is therefore dismissed.

**B.     Municipal Liability Under Section 1983**

Bakari has sued the City of Byron, Georgia under § 1983, baldly asserting that the City should be held liable for the constitutional violations occasioned by Sondron and Sullivan.[6] To establish municipal liability under § 1983, however, a plaintiff may not rely on the doctrine of respondeat superior. Instead, he must plead and prove the deprivation of a federally protected right and show that the deprivation of that right resulted from a custom or an officially established policy of the governmental entity. *See* **Monell v. New York City Dep't of Soc. Servs.**, 436 U.S. 658, 690-91 (1978). Failure to demonstrate an underlying constitutional violation is fatal to a **Monell** claim under § 1983. *See* **Rooney v. Watson**, 101 F.3d 1378, 1381 (11th Cir. 1996) ("[A]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred."). Therefore, because no constitutional violation occurred in this case, Bakari's claim against the City fails as a matter of law.

**C.     Supplemental Jurisdiction Over Plaintiffs' State-Law Claims**

Bakari alleges state-law claims against all Defendants for malicious prosecution and intentional infliction of emotional distress. Laronda Bakari alleges her own state-law claims against all Defendants for loss of consortium and intentional infliction of

---

[6] Any claims against Sondron and Sullivan in their official capacities are treated as claims against the City of Byron, Georgia, and are disposed of accordingly. *See* **Snow ex rel. Snow v. City of Citronelle**, 420 F.3d 1262, 1270 (11th Cir. 2005).

emotional distress.[7]  The Court, however, declines to exercise jurisdiction over these claims, as it has, by this order, dismissed all claims over which it could have asserted original subject matter jurisdiction.  *See* 28 U.S.C.A. § 1367(c)(3) (West 2005).  The Bakaris' state-law claims are therefore dismissed.

**IV.   CONCLUSION**

In looking back on the Bakaris' lawsuit, the Court is reminded of an old Irish proverb, which it feels compelled to share before signing off on this Order: "What is ill begun must ill conclude."  It is evident that this case was ill begun.  For starters, service was never made on any of the defendants.  The Court then had to order the Bakaris to recast their complaint on two separate occasions so as to bring it into compliance with the most basic pleading requirements of the federal rules of civil procedure.  And it did not get better from there.  The Bakaris blundered in the prosecution of their case at nearly every step along the way, failing to respond to court orders and failing to respond to motions filed by their adversary.  Ultimately, in choosing not to respond to Defendants' motion for summary judgment, the Bakaris failed to offer even a hint of support for their allegations.  All things considered, then, it should come as no surprise that this case, in keeping with the spirit of the wise Irish proverb, must now ill conclude (at least for the Bakaris).

For the reasons stated above, Defendants' Motion for Summary Judgment (tab 22) is hereby **GRANTED.**

---

[7] These are the only two claims alleged by Laronda Bakari.

SO ORDERED, this 24th day of October, 2005.

                                            **/s/ Duross Fitzpatrick**
                                            DUROSS FITZPATRICK, JUDGE
                                            UNITED STATES DISTRICT COURT

DF/sew