IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FABIAN BAKARI and LARONDA BAKARI, | : : : | |
| Plaintiffs, | : : | |
| vs. | : : | 5:04CV46 (DF) |
| THE CITY OF BYRON, GEORGIA, and PATRICK SONDRON, Individually and as a Police Officer, and CORPORAL TED L. SULLIVAN, Individually and as a Police Officer, | : : : : : : : : | |
| Defendants. | : | |

**O R D E R**

The Court entered summary judgment in favor of Defendants City of Byron, Patrick Sondron, and Ted L. Sullivan on October 24, 2005, (doc. 28) in this civil-rights action brought by Plaintiffs Laronda and Fabian Bakari under 42 U.S.C.A. § 1983.[1] The Defendants now seek to recover their attorneys' fees and expenses in an amount of $33,738.06. As prevailing parties, the Defendants have moved to recover a portion of their fees against the Bakaris under 42 U.S.C.A. § 1988. And as a sanction against the unreasonable and vexatious conduct engaged in by the Bakaris' attorney, Arnold Ragas, the Defendants have moved to hold Ragas personally liable for a portion of their fees

---

[1] The Bakaris' complaint also alleged violations of Georgia law. The Court declined to exercise supplemental jurisdiction over their state-law claims and, thus, rendered no judgment on them. *See* Order of Oct. 25, 2005, doc. 28, at 13.

under 28 U.S.C.A. § 1927. There has been no response to the Defendants' motion and initial brief or to their supplemental brief, filed at the request of the Court. For the following reasons, the Defendants' motion for attorneys' fees is granted: $22,866.06 shall be recovered from the Bakaris, and $10,872.00 shall be recovered from Ragas.[2]

## I. Attorney's Fees Under 42 U.S.C.A. § 1988

All federal claims alleged in this lawsuit were brought under 42 U.S.C.A. § 1983. Section 1988 of Title 42 of the United States Code provides that, in an action brought to enforce rights under § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Having been granted summary judgment on all of the Bakaris' federal claims, the Defendants are prevailing parties within the meaning of the statute.

A prevailing defendant "may be awarded attorney's fees only when a court finds that the plaintiff's claim was 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" **Head v. Medford**, 62 F.3d 351, 355 (11th Cir. 1995) (quoting **Christiansburg Garment Co. v. EEOC**, 434 U.S. 412, 421 (1978)). This

---

[2] To make the reasons for its grammatical usage transparent, even though the issue appears to be of little concern to lawyers or judges, the Court pauses here to offer an explanatory note that only a persnickety (prescriptive) grammarian could appreciate—a note addressing what might otherwise be perceived as an inconsistency in this Order: The Court refers to the fees sought in this case as attorneys' fees (plural possessive) because the request involves fees charged by more than one attorney. But when referred to in a generic sense, or when quoting from a judicial opinion or a statute, the Court uses the phrase attorney's fees (singular possessive), as that appears to be the prevailing trend when context does not indicate the need to use the plural possessive. *See* Bryan A. Garner, A Dictionary of Modern Legal Usage 91 (2d ed. 1995).

standard is equally applicable to a § 1988 claim for attorney's fees by a prevailing civil-rights defendant. **Id.** (citing **Hughes v. Rowe**, 449 U.S. 5, 14 (1980)).

In making a frivolity determination, the Court must cautiously avoid the "temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." **Christiansburg**, 434 U.S. at 421-22. Such determinations are not governed by resort to hard-and-fast rules, but must be made on a case-by-case basis. Generally, "findings of 'frivolity' have been sustained" in cases "decided in the defendant's favor on a motion for summary judgment," especially where "the plaintiffs did not introduce any evidence to support their claims." **Sullivan v. Sch. Bd. of Pinellas County**, 773 F.2d 1182, 1189 (11th Cir. 1985). Among the factors to be considered by this Court is whether the plaintiff was able to establish a prima facie case and whether the lawsuit was disposed of prior to trial. **Id.**

The facts giving rise to this lawsuit are recounted in the Court's October 25 Order and will not be repeated here. For present purposes, it suffices to say that (1) the Bakaris' lawsuit was disposed of before trial (2) by granting summary judgment in favor of the Defendants because (3) the Bakaris were unable to establish a prima facie case with regard to any of their constitutional claims (4) as they presented absolutely no evidence to support them. Indeed, as the Court previously noted, the Bakaris did not respond to the Defendants' summary-judgment motion and "failed to offer even a hint of support for their allegations." Order of Oct. 25, 2005, doc. 28, at 13.

The Bakaris' complaint alleged violations of the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution. In granting summary judgment to the Defendants, the Court found that the Bakaris' claims lacked any basis in law or fact and were therefore without merit. *See* **Church of Scientology of Cal. v. Cazares**, 638 F.2d 1272, 1290 (5th Cir. 1981)[3] (holding award of attorney's fees under § 1988 proper where "there was no material, admissible evidence to support [the plaintiff's claim]"). The Court now concludes, as before, that the Bakaris' claims were frivolous and without foundation. Therefore, the Defendants are entitled to recover their attorneys' fees under § 1988.

The party moving for attorney's fees bears both the burden of establishing that he is entitled to such fees and the burden of documenting the number of compensable hours and the appropriate hourly rates. *See* **Norman v. Housing Auth. of Montgomery**, 836 F.2d 1292, 1303 (11th Cir. 1988). The Court need not hold an evidentiary hearing on the issue of attorney's fees under § 1988. Indeed, the need for such a hearing should arise only occasionally. A hearing is appropriate "where [one is] requested, where there [are] disputes of fact, and where the written record [is] not sufficiently clear to allow the trial court to resolve the disputes of fact." **Id.** Otherwise, "[i]t is perfectly proper to award attorney's fees based solely on affidavits in the record." **Id.**

---

[3] The United States Court of Appeals for Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit before October 1, 1981. *See* **Bonner v. City of Prichard**, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

The Defendants' motion for fees is properly supported. Included among the documents filed with the Court are a detailed affidavit prepared by the lead counsel for the Defendants and a comprehensive transaction log listing all the hours spent by defense counsel litigating the underlying suit, excluding those hours spent preparing the instant motion, memorandum of law, and supporting affidavit. After reviewing the information contained in the affidavit, the Court concludes that the hourly rates charged by the three individuals who participated in the defense of this suit (two lawyers and a paralegal) are reasonable ($185.00/$170.00/$85.00). Likewise, the well-documented transaction log chronicles in satisfactory detail every minute spent defending the suit. Each itemized entry provides the date the particular legal service was rendered, the hourly rate billed, the length of time billed, the total dollar amount billed, and a brief description of the task performed. A thorough review of the supporting documents demonstrates that the hours billed—the value of which comes to $33,738.06—were reasonably incurred and are therefore properly compensable.

However, the Court determines that it is appropriate to assess only a portion of the total fees—$22,866.06—against the Bakaris. For the reasons spelled out below, the balance of the fees—$10,872.00—is properly assessed against their attorney as a result of his irresponsible conduct in this litigation.

## II. Attorney's Fees Under 28 U.S.C.A. § 1927

The Defendants seek to hold Arnold Ragas personally liable for a portion of the fees and expenses they incurred in defending this action. *See* 28 U.S.C.A. § 1927 (West 2005). In particular, the Defendants argue that Ragas should be held to answer for all expenses incurred after it became clear through discovery that the Bakaris' claims lacked any evidentiary support. Section 1927 provides that

> Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceeding in any case unreasonably and vexatiously may be required by the court to satisfy personally the *excess* costs, expense, and attorney's fees *reasonably incurred because of such conduct.*

*Id.* (emphasis added).

As the United States Court of Appeals for the Eleventh Circuit has noted, "'[b]ad faith' is the touchstone" of the inquiry under § 1927. **Schwartz v. Millon Air, Inc.**, 341 F.3d 1220, 1225 (11th Cir. 2003). The section is not a "'catch-all' provision for sanctioning objectionable conduct by counsel." **Id.** Instead, it "was designed to sanction attorneys who 'wilfully abuse the judicial process by conduct tantamount to bad faith.'" **Id.** (quoting **Malautea v. Suzuki Motor Co.**, 987 F.2d 1536, 1544 (11th Cir. 1993)). An award of fees is appropriate only where an attorney's conduct has been both "unreasonable *and* vexatious." **Id.** The "conduct must multiply the proceedings[,] and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." **Id.** (citing **McMahan v. Toto**, 256 F.3d 1120, 1128 (11th Cir. 2001)).

The Fifth Circuit has similarly noted that "where the [attorney's] violation consists of unreasonably or vexatiously multiplying the litigation, the sanction should reflect only the costs or fees incurred in responding to those proceedings that are found to be unreasonable or vexatious." **Topalian v. Ehrman**, 3 F.3d 931, 937 (5th Cir. 1993).

In commenting on an attorney's good-faith obligations, the Eleventh Circuit has cautioned that "[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." **Collins v. Walden**, 834 F.2d 961, 965 (11th Cir. 1987). The failure to do so, in this Court's view, is tantamount to proceeding with the litigation in bad faith. In this case, it is quite clear to the Court that Ragas litigated the claims set forth in the complaint in bad faith.

To begin with, the complaint Ragas filed on the Bakaris' behalf initially contained impertinent, scandalous, and racially inflammatory content. The Court instructed him to strike the objectionable language, but he failed to do so within the prescribed time period. The Court then gave him a second opportunity to strike the inappropriate language, which he did (but only partially). In the meantime, Ragas ignored the Defendants' discovery requests. The Defendants moved to dismiss the complaint, citing a refusal by Ragas to engage in discovery in good faith. Alternatively, the Defendants moved to compel discovery responses. Plaintiffs' attorney did not respond to the Defendants' motion.[4]

---

[4] Ragas reported at a show-cause hearing held on January 24, 2005, that, due to difficulties with the United States Postal Service, he had not received any of the discovery requests propounded by the

After a show-cause hearing was held, the Court ordered Ragas to submit discovery responses to the Defendants within ten days and sanctioned the Bakaris $500.00. Ragas thereafter did not serve any discovery, did not conduct any depositions, and ultimately did not respond to the motion for summary judgment filed by the Defendants. In short, Ragas's handling of this case was unprofessional and inexcusable in nearly every respect. By deciding to file a baseless lawsuit—with apparently little or no investigation into the law or the facts relevant to his clients' claims—and then sitting idly by while the Defendants were forced to invest large amounts of time, money, and energy in their defense, Ragas clearly abused the judicial process.

Ragas's actions (or inactions) during the course of these proceedings were both unreasonable and vexatious; his behavior needlessly prolonged a case that should have terminated the moment it became clear that no evidence could be produced to support the Bakaris' contentions. The Court is confident that this is precisely the type of conduct Congress sought to discourage by enacting § 1927.

Before an attorney is held personally liable for engaging in vexatious and unreasonable conduct, he must be given fair notice and an opportunity to be heard on the record. *See* **Roadway Express, Inc. v. Piper**, 447 U.S. 752, 767 (1980). Ragas has been given both, but in typical fashion has chosen to avail himself of neither.

---

Defendants. He also suggested that he never received a copy of the Defendants' motion to dismiss/motion to compel. While the Bakaris' lawsuit was not dismissed at that juncture, it now appears to the Court—given the subsequent course of events—that Ragas's representations were dubious at best and intentionally misleading at worst.

Though an argument could be made that Ragas's conduct from start to finish (including his failure even to acknowledge the instant motion) was unreasonable and vexatious, the Court will apportion to him only the amount of money spent by the Defendants in litigating this case from the close of discovery through the entry of summary judgment. The close of discovery marks the point at which it should have been clear to any reasonable attorney that the Bakaris' claims were without an evidentiary foundation and at which Ragas had a duty in good faith to abandon the lawsuit. Instead of honoring his obligation to the Court, to his clients, and to opposing counsel, Ragas needlessly and irresponsibly forced the Defendants to pay to bring this case to a costly conclusion.

According to their supporting documentation, the Defendants spent a total of $10,872.00 on this case after the close of discovery. Because the expenditure of this sum was a direct result of Ragas's unreasonable and vexatious conduct, he is liable to the Defendants for this amount under § 1927.

### III. CONCLUSION

With respect to the Bakaris, the fee apportionment outlined above is at this point only conditional. The Court cannot make a final determination regarding the amount of fees to be paid by the Bakaris without first taking into consideration their financial status and ability to pay a judgment in the above-stated amount. *See* **Baker v. Alderman**, 158 F.3d 516, 528 (11th Cir. 1998); *see also* **Durrett v. Jenkins Brickyard, Inc.**, 678 F.2d 911,

917 (11th Cir. 1982). The Court is currently without any information from which to assess the Bakaris' ability to satisfy a judgment of $22,866.06. **The Bakaris shall have 30 DAYS from the service of this Order within which to provide the Court with documentation detailing their current financial status.** This documentation should be in proper form, including a sworn affidavit demonstrating their net worth, their liabilities, and their assets in a manner usually required by banks for those seeking loans. If the Bakaris fail to respond to the Court within the prescribed period of time, judgment will be entered against them in the amount of $22,866.06.

For the foregoing reasons, the Defendants' Motion for Attorneys' Fees and Expenses (doc. 30) is hereby **GRANTED**. The United States Marshals Service is directed to **personally serve** a copy of this Order on **Arnold Ragas, Fabian Bakari, and Laronda Bakari.** The Clerk of Court, however, is directed to refrain from entering judgment on this Order until further notice from the Court.

SO ORDERED, this 6th day of January, 2006.

                                           **/s/ Duross Fitzpatrick**
                                           DUROSS FITZPATRICK, JUDGE
                                           UNITED STATES DISTRICT COURT

DF/sew