IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **FABIAN BAKARI and LARONDA BAKARI,** | : : : | |
| Plaintiffs, | : : | |
| vs. | : : | 5:04CV46 (DF) |
| **THE CITY OF BYRON, GEORGIA, and PATRICK SONDRON,** Individually and as a Police Officer, and **CORPORAL TED L. SULLIVAN,** Individually and as a Police Officer, | : : : : : : : : | |
| Defendants. | : | |

**O R D E R**

After entering summary judgment in favor of Defendants in this § 1983 action, the Court, on January 6, 2006, entered an Order granting Defendants' motion for attorneys' fees — a portion of which ($22,866.06) the Court determined to be properly awardable against Plaintiffs, Fabian and LeRonda Bakari, under 42 U.S.C.A. § 1988; and a portion of which ($10,872.00) the Court determined to be properly awardable against their attorney, Arnold Ragas, under 28 U.S.C.A. § 1927. (Order, doc. 36, at 5, 9.) The Court withheld final judgment on its January 6 Order, finding it advisable to give Ragas and the Bakaris additional time to respond to Defendants' motion and finding it necessary to consider whether the Bakaris' financial status warranted an adjustment in

the amount of fees assessed. The Court instructed the U.S. Marshals Service to personally serve the Order on Fabian and LeRonda Bakari and on Ragas, giving each of them an opportunity to respond.

The Court directed the Bakaris to submit a sworn financial statement outlining their assets and liabilities. The Bakaris have done so (doc. 48). In a letter filed along with the Bakaris' financial statement, Fabian Bakari revealed that he was "completely surprised and deeply disturbed to find that my attorney [Arnold Ragas] failed to respond on my behalf to any of the defendants' briefs."[1] *Id.* Mr. Bakari went on to state that "I have absolutely no knowledge of any motion to which my wife and I were obligated to respond" and that any failures in the case were, in his opinion, "the result of miscommunication or inexperience on the part of Mr. Ragas." *Id.*

After failing to respond to Defendants' original motion for fees and to their supplemental brief on the same issue, Ragas, for his part, filed a motion asking the Court to reconsider its January 6 Order (doc. 43). In his motion, Ragas recognized himself as the cause his clients' current predicament and stated that "[i]f the Court finds that attorney's fees should be assessed, they should be assessed on me." *Id.* The Court denied his motion for reconsideration (doc. 44).

---

[1] Ragas failed to respond on his clients' behalf to both (1) Defendants' motion to dismiss, or, in the alternative, to compel discovery (doc. 12), and (2) Defendants' motion for summary judgment (doc. 22).

Having now reviewed the Bakaris' financial status and having had an opportunity to consider the information recently disclosed in Mr. Bakari's letter — information demonstrating that Ragas completely failed to keep the Bakaris informed and updated about the status of their case — the Court determines that an adjustment of the fees conditionally assessed in its January 6 Order is warranted. Because Ragas's conduct has been the source of much of his clients' trouble in this case, the Court finds that he should bear a greater proportion of Defendants' attorneys' fees than the Court originally assigned to him and that the Bakaris should bear less. The Court will therefore apportion Defendants' fees equally. The amount owed by the Bakaris will be reduced by $5,997.03, and the amount owed by Ragas will be increased by $5,997.03 — thus, the Bakaris will be responsible for $16,869.03, and Ragas will be responsible for $16,869.03.

The Court shifts this additional amount (over and above the amount previously determined to be compensable under 28 U.S.C.A. § 1927) from the Bakaris to Ragas under its inherent authority to sanction those who litigate in bad faith. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). In the Court's assessment, the record in this case is replete with examples of Ragas's bad-faith conduct — examples that demonstrate a clear pattern of obstinate and vexatious behavior for which there is no excuse. Ragas's deliberate refusal to engage in the discovery process, his failure to comply with court deadlines,

his calculated decision not to respond to any of Defendants' motions, and his unwillingness to communicate with opposing counsel or with his own clients, are all examples of his thoroughly unprofessional conduct. Ragas must be held to account for this conduct. Justice and equity demand that he help "make[] the prevailing party whole for expenses caused by his [] obstinacy." *Chambers*, 501 U.S. at 46.

The Court invokes its inherent authority only after careful deliberation and after having given Ragas fair notice[2] and multiple opportunities to be heard on the record. *See Roadway Express*, 447 U.S. at 2464. Ragas, in his motion for reconsideration, has made a feeble attempt to explain away his conduct, but the Court remains persuaded that the sanction levied against him in this case is appropriate under the circumstances.

Defendants' motion for attorneys' fees is hereby **GRANTED.** Final judgment in the amount of $33,738.06 shall be entered in favor of Defendants: $16,869.03 shall be borne by the Bakaris under 42 U.S.C.A. § 1988; $10,872.00 shall be borne by Ragas under 28 U.S.C.A. § 1927; and $5,997.03 shall be borne by Ragas as a sanction imposed

---

[2] Ragas was put on notice that Defendants were seeking attorneys' fees under 28 U.S.C.A. § 1927 for unreasonable and vexatious conduct by the Defendants' initial motion, filed on November 8, 2005. (doc. 30.) *See also* Order of November 30, 2005, doc. 33, at 3 n.1 ("'[T]he Court treats this Order, the defendants' motion for attorney's fees, and the supplemental brief ordered herein, as providing notice to . . . plaintiffs' counsel that defendants are seeking attorney's fees and expenses under . . . 28 U.S.C.A. § 1927."). Ragas did not respond to Defendants' motion, the Court's November 30 Order, or Defendants' supplemental brief. An award of fees under both § 1927 and the Court's inherent authority must be preceded by a finding of bad faith. Thus, any argument Ragas might have offered in response to Defendants' § 1927 motion could also have been asserted as a response to the Court's invocation of its inherent authority to assess fees. Ragas finally availed himself of his constitutional right to be heard by objecting to a potential fee award in his motion for reconsideration (doc. 43). In short, his due process rights have been more than adequately safeguarded.

by this Court under its inherent authority to punish bad-faith litigation conduct.[3]

SO ORDERED, this 7th day of March, 2006.

                                    **/s/ Duross Fitzpatrick**
                                    DUROSS FITZPATRICK, JUDGE
                                    UNITED STATES DISTRICT COURT

DF/sew

---

[3] This decision does nothing to foreclose the right of the Bakaris to seek in an appropriate court any legal relief against Ragas to which they may have become entitled as a result of this litigation. This Court, of course, takes no position with respect to the merits of or the availability of any such relief.